UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02254 ODW (PLAx) | Date | September 3, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

Present: The Honorable Otis D. Wright II, United States District Judge

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):                    Attorneys Present for Defendant(s):

Not Present                                                              Not Present

**Proceedings (IN CHAMBERS):**   **ORDER (1) GRANTING DEFENDANT MORTGAGEIT'S MOTION TO DISMISS AND (2) RENDERING MOOT DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT [6, 7]**

Currently before the Court are Defendant MortgageIT's Motions (1) to Dismiss and (2) to Strike Portions of Plaintiff Bishop Tate's ("Plaintiff") Complaint. (Docket Nos. 6, 7.) The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having carefully considered the parties' arguments and the papers submitted, the motion to dismiss is **GRANTED**, thereby rendering the motion to strike **MOOT**.

**I.    FACTUAL BACKGROUND**

On March 26, 2010, Plaintiff instituted this action against Defendants Indy Mac Bank FSB, Mortgage Electronic Registration Systems, Inc., MortgageIT, Quality Loan Service Corp., One West Bank FSB, and Deutsche Bank National Trust Co. (collectively, "Defendants") alleging claims for: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f; (2) violation of the FDCPA, 15 U.S.C. § 1692g"; (3) violation of 15 U.S.C. § 1692e; (4) violation of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2605; (5) violation of RESPA, 12 U.S.C. §2607; (6) violation of the Truth in Lending Act, 15 U.S.C. § 1601; (7) violation of the Bank Tying Act, 12 U.S.C. § 1972; (8) breach of implied covenant of good faith, UCC § 1-304; (9) undue influence; (10) quiet title; (11) "void or set aside deed of trust"; (12) "void or set aside foreclosure sale"; (13) accounting; (14) fraud; (15) violation of California Rosenthal Act; and (16) constructive trust. (Docket No. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02254 ODW (PLAx) | Date | September 3, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

On April 23, 2010, Plaintiff and MortgageIT filed a stipulation to dismiss with prejudice the **First, Second, Third, Fourth, and Fifteenth causes of action as to MortgageIT**. (Docket Nos. 4, 5.) Before the Court is MortgageIT's motion to dismiss the remaining claims against it: (1) injunctive relief; (2) declaratory relief; (3) violation of RESPA, 12 U.S.C. § 2607; (4) violation of TILA, 15 U.S.C. § 1601; (5) violation of the Bank Tying Act, 12 U.S.C. § 1972; (6) quiet title; (7) void or set aside foreclosure sale; (8) accounting; and (9) fraud. (Docket No. 7.)

This is the *second lawsuit* filed by Plaintiff against the Defendants (hereinafter, the "Second Action"). In the *first lawsuit*, *Bishop Tate v. Indy Mac Bank FSB et al.*, CV 09-05042 ODW (PLAx) (hereinafter, the "First Action"), Plaintiff brought largely the same causes of actions against the same Defendants. (*See* First Action, Notice of Removal, Exh. H; *see also,* First Action's Complaint, First Amended Complaint ("FAC"), and Second Amended Complaint ("SAC").) Defendants moved to dismiss Plaintiff's FAC in the earlier-filed case, and the Court granted the motion with leave to amend. (Def. MortgageIT's Request for Judicial Notice ("RJN"), Exh. A [November 30, 2009 Order].)

Thereafter, Plaintiff filed its SAC in the First Action on December 15, 2009. (*See* The First Action, Docket No. 38.) Defendant MortgageIT moved to dismiss the SAC, and Plaintiff did not oppose the motion. On March 4, 2010, the Court granted MortgageIT's motion, dismissed Plaintiff's SAC, and closed the case pursuant to Local Rule 7-12. (Def. MorgageIT's RJN, Exh. B.)

Thereafter, Plaintiff filed the instant Complaint, which contains the same deficient allegations found in the previously dismissed complaints filed by Plaintiff in the First Action. In fact, a side-by-side comparison of the operative complaint in this action and the FAC and SAC reveals that Plaintiff has not successfully cured the defects raised by the Court in its November 30, 2009 Order. For the reasons further explained below, Defendant MortgageIT's motion to dismiss is granted.

## II. DISCUSSION

### A. *Violation of RESPA, 12 U.S.C. § 2607*

Section 2607, except in certain circumstances, prohibits giving or receiving "any fee, kickback, or thing of value" for the referral of a real estate settlement service involving a federal mortgage loan. 12 U.S.C. § 2607(a). The Complaint alleges that Defendants violated section 2607 because they "paid fees, or kickbacks, or a thing of value pursuant to an agreement . . . to third parties." (Second Action, Compl. ¶ 115.) In its November 30, 2009 Order, the Court dismissed this particular cause of action on the basis that it was time-barred and Plaintiff failed to allege facts that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02254 ODW (PLAx) | Date | September 3, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

equitable tolling was appropriate. (Def. MortgageIT's RJN, Exh. A at 10.) Again, Plaintiff failed to cure these deficiencies and amendment at this juncture appears to be futile. Because Plaintiff has not alleged facts that establish that equitable tolling of the statute of limitations is appropriate, Plaintiff's claim for violation of § 2607 is dismissed with prejudice as to MortgageIT.

### B. *Violation of TILA*

As noted by the Court in its November 30, 2009 Order, a Plaintiff may assert claims for monetary damages and/or rescission under TILA. *See* 15 U.S.C. §§ 1635(f), 1640(e). Claims for damages under TILA must be brought within one year from the date on which the transaction underlying the alleged violation is consummated. 15 U.S.C. § 1640(e); *see also King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). On the other hand, claims for rescission pursuant to TILA must be brought within three years of the date of the consummation of the transaction or upon the sale of the property, whichever occurs first. *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Further, the Ninth Circuit has held that equitable tolling of the statute of limitations may be warranted in certain circumstances where "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).

In dismissing Plaintiff's TILA claim in The First Action, the Court indicated that Plaintiff's claims are barred as a matter of law and he failed to allege any facts that would allow the Court to apply the equitable tolling doctrine. (Def. MortgageIT's RJN, Exh. A at 11.) Also, with regard to Plaintiff's rescission claim, the Court noted that his ability to rescind the loan terminated when his property was sold at the trustees sale on April 1, 2009. (*Id.*) Plaintiff's Complaint in the instant action fails to allege facts showing that the equitable tolling doctrine applies to its damages and recision claims. Accordingly, Plaintiff's claims pursuant to TILA is dismissed with prejudice as to MortgageIT.

### C. *Violation of the Bank Tying Act, 12 U.S.C. § 1972*

Plaintiff alleges that Defendants MERS and MortgageIT violated the Bank Tying Act. (Second Action, Compl. ¶ 136.) The Bank Tying Act prohibits banks from conditioning a customer's transaction on the customer's willingness to complete a second transaction with the same bank. 15 U.S.C. § 1972 *et seq.* (emphasis added). In order for Defendants MERS and MortgageIT to be held liable under this Act, they must be "banks". A bank is an institution that (1) "accepts demand deposits or deposits that the depositor may withdraw" and (2) "is engaged in the business of making commercial loans." 12 U.S.C. §1841(c). In dismissing this claim in its November 30,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02254 ODW (PLAx) | Date | September 3, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

2009 Order, the Court noted that Plaintiff has not alleged facts showing that Defendant MERS or MortgageIT are banks within the meaning of § 1841(c). (Def. MortgageIT's RJN, Exh. A at 12.) Plaintiff has failed to cure this deficiency in the instant Complaint. Accordingly, the Court dismisses Plaintiff's claim pursuant to the Bank Tying Act with prejudice.

### D. Accounting

The Complaint seeks an accounting "for any money Defendants allege is still due and owing . . . that includes a complete breakdown, itemizing and explaining every fee and cost." (Second Action, Compl. ¶ 185.) However, the Court has already dismissed this claim with prejudice in its November 30, 2009 Order. (Def. MortgageIT's RJN, Exh. A at 14.) Accordingly, Plaintiff's attempt to resuscitate this claim is improper.

### E. Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). The pleading must be "specific enough to give defendants notice of the particular misconduct…so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp*. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted). Finally, a plaintiff must also state the "circumstances indicating falseness" or an explanation as to how an alleged statement or omission was false or misleading when made. *In re Glenford, Inc. Sec. Litig.*, 42 F.3d 1541, 1545 (9th Cir. 1994). In dismissing Plaintiff's FAC in the earlier-filed case, the Court held that Plaintiff's purported fraud allegations do not satisfy Rule 9(b)'s standard of particularity. (Def. MortgageIT's RJN, Exh. A at 14.)

In the instant complaint, with regard to its claim for fraud against MortgageIT, Plaintiff alleges that "Defendant Lender falsely represented it had the proper authority to assign the power of sale via an acknowledged and recorded assignment, when it knew it did not transfer physical possession of the Note, was not paid actual consideration for the Note and/or did not execute proper endorsement of the Note." (Second Action, Compl. ¶ 196.) Plaintiff's allegations are silent as to the identity of any specific individuals affiliated with Defendant MortgageIT who was responsible for the alleged fraud. Because Plaintiff has failed yet again to state a claim for fraud, this cause of action is dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02254 ODW (PLAx) | Date | September 3, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

### F.  Injunctive Relief

Plaintiff alleges a claim for injunctive relief.  (*See* Second Action, Compl. ¶¶ 29-40.) Plaintiff avers that injunctive relief is warranted because Plaintiff and his family are in imminent danger of wrongfully losing their home forever and being physically removed by the Sheriff's Department.  (*Id.* ¶ 30.)  Plaintiff has failed to allege that he has no remedy at law.  Moreover, injunctive relief is a remedy rather a cause of action.  Because there is no underlying claim against MortgageIT that will support injunctive relief, Plaintiff cannot seek this remedy.  Therefore, MortgageIT's motion to dismiss this claim is granted and the claim for injunctive relief is dismissed with prejudice.

### G.  Declaratory Relief

To state a claim for declaratory relief, a plaintiff must allege sufficient facts to establish the existence of "an actual controversy relating to the legal rights and duties of the respective parties." Cal. Code Civ. Proc. § 1060.  Moreover, "a claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." *Akhavein v. Argent Mortg. Co.*, 2009 U.S. Dist. LEXIS 61796, at *14 (N.D. Cal. July 18, 2009) (*quoting Mangindin v. Washington Mut. Bank*, 2009 U.S. Dist. LEXIS 51231, at *13 (N.D. Cal. Jun. 17, 2009)).

In dismissing Plaintiff's FAC in the First Action, the Court noted in its November 30, 2009 Order that Plaintiff's purported claim for declaratory relief was "duplicative and unnecessary" because there was no actual controversy on which to state a claim for declaratory relief as all of Plaintiff's claims were factually and/or legally deficient.  (Def. MortgageIT's RJN, Exh. A at 6.) The instant complaint failed to cure the defects raised in Plaintiff's previous complaints. Accordingly, the Court dismisses Plaintiff's declaratory relief claim with prejudice.

### H.  Quiet Title and Void or Set Aside Foreclosure Sale

Plaintiff seeks to quiet title to the property and void and set aside the foreclosure sale that was conducted on April 1, 2009. (*See* Second Action, Compl. ¶¶ 154-64, 174-83.)  In the Court's November 30, 2009 Order, the Court noted that in California, a party seeking to quiet title in the face of a foreclosure must allege tender or offer of tender of the amounts admittedly borrowed.  (*See* Def. MortgageIT's RJN, Exh. A at 13.)  Further, a plaintiff who seeks to set aside a foreclosure sale must allege that he has tendered the proceeds necessary to set aside the foreclosure.  *See Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (Cal. App. 2d Dist. 1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-02254 ODW (PLAx) | Date | September 3, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

under a deed of trust.") In the instant Complaint, Plaintiff still does not allege that he has paid or has offered to pay the outstanding balance on the subject mortgage. (*See* Mot. at 15; Second Action, Compl. ¶ 159.) Because Plaintiff has failed to sufficiently cure the defects raised by the Court in its November 30, 2009 Order, these claims are dismissed with prejudice as to MortgageIT.

## III. CONCLUSION

Based on the foregoing, Defendant MorgageIT's motion to dismiss is GRANTED in its entirety. Plaintiff's claims are dismissed with prejudice as to MortgageIT. MortgageIT's Motion to strike is MOOT.

**IT IS SO ORDERED.**

-- : 00

Initials of Preparer     RGN