JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-02254 ODW (PLAx) | Date | September. 28, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present                            Not Present

**Proceedings (IN CHAMBERS):**   **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [26]**

Currently before the Court is Defendants OneWest Bank FSB, Deutsche Bank National Trust Company, and Mortgage Electronic Registration Systems, Inc.'s (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint (Dkt. No. 26.) Having considered the arguments made in support of the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court **GRANTS** the motion.

### I.   FACTUAL BACKGROUND

On March 26, 2010, Plaintiff instituted this action against Defendants Indy Mac Bank FSB, Mortgage Electronic Registration Systems, Inc., MortgageIT, Quality Loan Service Corp., One West Bank FSB, and Deutsche Bank National Trust Co. alleging claims for: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f; (2) violation of the FDCPA, 15 U.S.C. § 1692g"; (3) violation of 15 U.S.C. § 1692e; (4) violation of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2605; (5) violation of RESPA, 12 U.S.C. §2607; (6) violation of the Truth in Lending Act, 15 U.S.C. § 1601; (7) violation of the Bank Tying Act, 12 U.S.C. § 1972; (8) breach of implied covenant of good faith, UCC § 1-304; (9) undue influence; (10) quiet title; (11) "void or set aside deed of trust"; (12) "void or set aside foreclosure sale"; (13) accounting; (14) fraud; (15) violation of California Rosenthal Act; and (16) constructive trust. (Dkt No. 1.)

On April 23, 2010, Plaintiff and MortgageIT filed a stipulation to dismiss with prejudice the First, Second, Third, Fourth, and Fifteenth claims as to MortgageIT. (Dkt. Nos. 4, 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02254 ODW (PLAx) | Date | September. 28, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

Subsequently, the Court granted MortgageIT's motion to dismiss to the remaining claims against it. Other Defendants remain as parties to this case.

This is the *second lawsuit* filed by Plaintiff against the Defendants (hereinafter, the "Second Action"). In the *first lawsuit*, *Bishop Tate v. Indy Mac Bank FSB et al.*, CV 09-05042 ODW (PLAx) ("First Action"), Plaintiff brought largely the same claims against the same Defendants. (*See* First Action, Notice of Removal, Exh. H; *see also,* First Action's Complaint, First Amended Complaint ("FAC"), and Second Amended Complaint ("SAC").) Defendants moved to dismiss Plaintiff's First Amended Complaint in the First Action, and the Court granted the motion with leave to amend. (Def.'s Request for Judicial Notice ("RJN"), Exh. A [November 30, 2009 Order].)

Thereafter, Plaintiff filed his Second Amended Complaint in the First Action on December 15, 2009. (*See* The First Action, Dkt No. 38.) Defendant MortgageIT moved to dismiss the SAC, and Plaintiff did not oppose the motion. On March 4, 2010, the Court granted MortgageIT's motion, dismissed Plaintiff's Second Amended Complaint, and closed the case pursuant to Local Rule 7-12. (Def.'s RJN, Exh. B.)

Plaintiff then filed this *Second Action*, which is the *fourth* Complaint against the same Defendants containing the same deficient allegations found in the previously dismissed complaints. In fact, a side-by-side comparison of the operative Complaint in this action to the First Amended Complaint and Second Amended Complaint of the First Action reveals that Plaintiff has not successfully cured the defects raised by the Court in its November 30, 2009 Order. (Def.'s RJN, Exh. A.)

## II.   LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02254 ODW (PLAx) | Date | September. 28, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citation and quotation marks omitted).

In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in a light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). A district court should ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Twombly*, 550 U.S. at 563. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Thus, the Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

### III.  DISCUSSION

The Complaint is as deficient as it was when it was styled the First Amended Complaint in 2009. Rather than making a good faith effort in addressing the numerous defects, Plaintiff seemingly disregards the leave the Court has afforded to amend by filing substantially the same complaint containing the same vague and conclusory allegations that have been deemed inadequate. Consequently, the instant Complaint must face the same fate as those before it.[1] Thus, the Court seeks finality to this case by granting Defendants' motion to dismiss in its entirety without leave to amend as explained below.

#### A.  *Claims Demanding Production of the Original Note*

A considerable portion of the instant Complaint is based on a flawed argument regarding the

---

[1] Plaintiff's forty-five page Opposition to the instant Motion does not conform to the Local Rules and the Court's Standing Order. It behooves the Plaintiff to refer to the Local Rules and Standing Orders of the court in which the Plaintiff plans to appear.

JS-6  O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02254 ODW (PLAx) | Date | September. 28, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

need for production of the original promissory note in a non-judicial foreclosure. The Court has already dismissed such claims with prejudice in its November 30, 2009 Order. (Def.'s RJN, Exh. A at 5.) Accordingly, Plaintiff's attempt to resuscitate this claim is improper.

### B. *Injunctive Relief*

Plaintiff alleges a claim for injunctive relief. (*See* Second Action, Compl. ¶¶ 29-40.) Plaintiff avers that injunctive relief is warranted because Plaintiff and his family are in imminent danger of wrongfully losing their home forever and being physically removed by the Sheriff's Department. (*Id.* ¶ 30.) Plaintiff must show that he has no adequate remedy at law and that denial of injunctive relief would cause him immediate, irreparable injury. *See Beacon Theatres, Inc. V. Westover*, 359 U.S. 500, 506-7 (1959)("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."). Plaintiff has failed to allege that he has no remedy at law. Moreover, injunctive relief is a remedy rather than a cause of action, and Plaintiff is not entitled to this remedy because his other claims fail. Because there is no underlying claim against Defendants that will support injunctive relief, Plaintiff cannot seek this remedy. Therefore, Defendants' motion to dismiss this claim is granted and the claim for injunctive relief is dismissed with prejudice.

### C. *Declaratory Relief*

To state a claim for declaratory relief, a plaintiff must allege sufficient facts to establish the existence of "an actual controversy relating to the legal rights and duties of the respective parties." *Cal. Code Civ. Proc.* § 1060. Moreover, "a claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." *Akhavein v. Argent Mortgage Co.*, 2009 U.S. Dist. LEXIS 61796, at *14 (N.D. Cal. July 18, 2009) (*quoting Mangindin v. Washington Mut. Bank*, 2009 U.S. Dist. LEXIS 51231, at *13 (N.D. Cal. Jun. 17, 2009)).

In dismissing Plaintiff's First Amended Complaint in the First Action, the Court noted in its November 30, 2009 Order that Plaintiff's purported claim for declaratory relief was "duplicative and unnecessary" because there was no actual controversy on which to state a claim for declaratory relief as all of Plaintiff's claims were factually and/or legally deficient. (Def.'s RJN, Exh. A at 6.) The instant complaint failed to cure the defects raised in Plaintiff's previous complaints. Accordingly, the Court dismisses Plaintiff's declaratory relief claim with prejudice.

### D. *Violation of the Fair Debt Collection Practices Act - FDCPA, 15 U.S.C. § 1692, et seq and RFDCPA*

JS-6   O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02254 ODW (PLAx) | Date | September. 28, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

      *i.*    *Federal Fair Debt Collection Practices Act ("FDCPA")*

Plaintiff argues that Defendants engaged in unlawful debt collection practices in violation of the FDCPA. Plaintiff's allegations, however, fail to state a claim upon which relief can be granted. As a threshold matter, to be liable under the FDCPA, the defendant must be a "debt collector" within the meaning of the Act. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). A debt collector is a person whose "principal purpose" is the collection of debts, or who "regularly collects or attempts to collect . . . debts." 15 U.S.C. § 1692a(6). However, a "debt collector" does not include a person who collects or attempts to collect a debt "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). Indeed, it has been conclusively determined that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA. *See Kuoha v. Equifirst Corp.*, 2009 U.S. Dist. LEXIS 94699 at *9 (S.D. Cal. Oct. 7, 2009); *Gentsch v. Ownit Mortg. Solutions, Inc.*, 2009 U.S. Dist. LEXIS 45163 at *7 (E.D. Cal. May 14, 2009). Furthermore, the foreclosure of a property pursuant to a deed does not constitute debt collection within the purview of the FDCPA. *See Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). Because Defendants are not "debt collectors," nor is foreclosure considered "debt collection" under the statute, Plaintiff fails to state a viable claim under the FDCPA.

      *ii. California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA")*

Plaintiff also fails to allege facts sufficient to establish a violation of the RFDCPA. The RFDCPA applies only to debt collectors, which it defines as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). Although this definition of debt collector is broader than the FDCPA, foreclosure of a property does not constitute debt collection. *See Izenberg*, 589 F. Supp. at 1199 (*citing Ines v. Countrywide Home Loans, Inc.*, 2008 U.S. Dist. LEXIS 88739, at *3 (S.D. Cal. Nov. 3, 2008)). Consequently, Plaintiff does not plead facts sufficient to state a claim under the RFDCPA.

For the foregoing reasons, these claims are dismissed with prejudice.

    **E.**    ***Violation of RESPA, 12 U.S.C. § 2607***

The operative Complaint alleges that Defendants violated section 2607 because they "paid fees, or kickbacks, or a thing of value pursuant to an agreement . . . to third parties." (Second Action,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02254 ODW (PLAx) | Date | September. 28, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

Compl. ¶ 115.) Section 2607, except in certain circumstances, prohibits giving or receiving "any fee, kickback, or thing of value" for the referral of a real estate settlement service involving a federal mortgage loan. 12 U.S.C. § 2607(a). In its November 30, 2009 Order, the Court dismissed this particular claim on the basis that it was time-barred and Plaintiff failed to allege facts that equitable tolling was appropriate. (Def.'s RJN, Exh. A at 10.) Again, Plaintiff failed to cure these deficiencies and amendment at this juncture is futile. Because Plaintiff has not alleged facts that establish that equitable tolling of the statute of limitations is appropriate, Plaintiff's claim for violation of § 2607 is dismissed with prejudice.

### F. *Violation of RESPA, 12 U.S.C. § 2605*

Plaintiff alleges that Defendants failed to comply with RESPA's notice requirements. Under RESPA, "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). According to the statute a "servicer" is defined as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also receives the loan)." 12 U.S.C. § 2605(i)(2). Plaintiff has not cured the defects the November 30, 2009 Order addresses. Hence, the complaint does not provide any facts in support of a § 2605 claim. Therefore, Plaintiff's claim for violation of § 2605 is dismissed with prejudice.

### G. *Violation of TILA*

A Plaintiff may assert claims for monetary damages and/or rescission under TILA. *See* 15 U.S.C. §§ 1635(f), 1640(e). Claims for damages under TILA must be brought within one year from the date on which the transaction underlying the alleged violation is consummated. 15 U.S.C. § 1640(e); *see also King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). On the other hand, claims for rescission pursuant to TILA must be brought within three years of the date of the consummation of the transaction or upon the sale of the property, whichever occurs first. *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Further, the Ninth Circuit has held that equitable tolling of the statute of limitations may be warranted in certain circumstances where "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).

In dismissing Plaintiff's TILA claim in the First Action, the Court indicated that Plaintiff's claims are barred as a matter of law and he failed to allege any facts that would allow the Court to apply the equitable tolling doctrine. (Defendants' RJN, Exh. A at 11.) Also, with regard to Plaintiff's rescission claim, the Court noted that his ability to rescind the loan terminated when his property

JS-6  O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02254 ODW (PLAx) | Date | September. 28, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

was sold at the trustees sale on April 1, 2009. (*Id.*) Plaintiff's Complaint in the instant action similarly fails to allege facts showing that the equitable tolling doctrine applies to its damages and recission claims. Accordingly, Plaintiff's claims pursuant to TILA is dismissed with prejudice.

### H.   *Violation of the Bank Tying Act, 12 U.S.C. § 1972*

Plaintiff alleges that Defendants MERS and MortgageIT violated the Bank Tying Act. (Second Action, Compl. ¶ 136.) The Bank Tying Act prohibits banks from conditioning a customer's transaction on the customer's willingness to complete a second transaction with the same bank. 15 U.S.C. § 1972 *et seq.* (emphasis added). In dismissing this claim in its November 30, 2009 Order, the Court noted that Plaintiff has not alleged facts showing that Defendant MERS or MortgageIT are banks within the meaning of § 1841(c). (Defendants' RJN, Exh. A at 12.) Plaintiff has failed to cure this deficiency in the instant Complaint. Accordingly, the Court dismisses Plaintiff's claim pursuant to the Bank Tying Act with prejudice.

### I.   *Breach of Implied Covenant of Good Faith and Fair Dealing*

The Court has already dismissed this claim with prejudice in its November 30, 2009 Order. (Defendants' RJN, Exh. A at 13.) The Court refuses to entertain another attempt to resuscitate a previously dismissed claim.

### J.   *Undue Influence*

The Complaint alleges that "Defendants exercised undue influence over Plaintiff knowing Plaintiff was susceptible to domination because of Plaintiff's loan payment and desire to remain in his home." (Second Action, Compl. ¶ 152.) In California, undue influence is defined as the use of authority or a confidential relationship to take "an unfair advantage of another's weakness of mind", or "taking a grossly oppressive and unfair advantage of another's necessities or distress." Cal. Civ. Code § 1575. Similar to the FAC in the First Action, the the allegations in the instant Complaint are inadequate to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. For example, Plaintiff fails to allege the existence of a confidential relationship between Plaintiff and Defendants or what actions Defendants took to gain an unfair advantage over Plaintiff. Therefore, this claim is dismissed with prejudice.

### K.   *Quiet Title, Void and Cancel Deed of Trust, and Set Aside Foreclosure Sale*

Plaintiff seeks to quiet title to the property and void and set aside the foreclosure sale that was conducted on April 1, 2009. (*See* Second Action, Compl. ¶¶ 154-64, 174-83.) In the Court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02254 ODW (PLAx) | Date | September. 28, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

November 30, 2009 Order, the Court noted that in California, a party seeking to quiet title in the face of a foreclosure must allege tender or offer of tender of the amounts admittedly borrowed. (*See* Defendants' RJN, Exh. A at 13.) Further, a plaintiff who seeks to set aside a foreclosure sale must allege that he has tendered the proceeds necessary to set aside the foreclosure. *See Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (Cal. App. 2d Dist. 1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.") In the instant Complaint, Plaintiff still does not allege that he has paid or has offered to pay the outstanding balance on the subject mortgage. (*See* Def.'s Mot. at 16; Second Action, Compl. ¶ 159.) Because Plaintiff has failed to sufficiently cure the defects raised by the Court in its November 30, 2009 Order, these claims are dismissed with prejudice.

### L. *Accounting*

The Complaint seeks an accounting "for any money Defendants allege is still due and owing . . . that includes a complete breakdown, itemizing and explaining every fee and cost." (Second Action, Compl. ¶ 185.) However, the Court has already dismissed this claim with prejudice in its November 30, 2009 Order. (Defendants' RJN, Exh. A at 14.) Accordingly, no further discussion is necessary as to this dismissed claim.

### M . *Fraud*

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). The pleading must be "specific enough to give defendants notice of the particular misconduct…so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp*. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted). Finally, a plaintiff must also state the "circumstances indicating falseness" or an explanation as to how an alleged statement or omission was false or misleading when made. *In re Glenford, Inc. Sec. Litig.*, 42 F.3d 1541, 1545 (9th Cir. 1994). In dismissing Plaintiff's FAC in the earlier-filed case, the Court held that Plaintiff's purported fraud allegations do not satisfy Rule 9(b)'s standard of particularity. (Def.'s RJN, Exh. A at 14.)

In the instant Complaint, Plaintiff alleges substantially the same facts as it did previously in the FAC. Because Plaintiff has failed yet again to state a claim for fraud, this cause of action is dismissed with prejudice.

### N. *Constructive Trust*

JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02254 ODW (PLAx) | Date | September. 28, 2010 |
|---|---|---|---|
| Title | *Tate v. Indy Mac Bank FSB, et al.* | | |

      Plaintiff brings forth constructive trust as its final cause of action. Under California law, a constructive trust is an equitable remedy, not a substantive claim. *Batt v. City and County of San Francisco*, 155 Cal. App. 4th 65, 82 (2007) ("A constructive trust is not an independent cause of action but merely a type of remedy, and an equitable remedy at that.") (internal quotations marks and citations omitted). In order to establish a constructive trust, the purported beneficiary of the trust must have a substantive right to receive the property. *United States v. Pegg*, 782 F.2d 1498, 1500 (9th Cir. 1986) ("Because a constructive trust is a specific remedy, the plaintiff must have some interest that can be returned to it.") Accordingly, a constructive trust is a remedy, *not* a cause of action. The Court therefore will not "dismiss" it, as it is *not* an independent claim

### IV.   CONCLUSION

      Based on the foregoing, Defendants' entire Motion to Dismiss is **GRANTED** with prejudice. Further, all remaining Defendants in this action are similarly dismissed. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where the claims against such defendants are integrally related."). Accordingly, the Clerk of Court shall close this case.

      **IT IS SO ORDERED.**

|   | -- | : | 00 |
|---|---|---|---|
| | Initials of Preparer | RGN | |